UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID C. KINCAID,

                    Plaintiff,

v.                                     5:05-CV-0216
                                     (NAM/GHL)

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

APPEARANCES:                       OF COUNSEL:

DALY & PITTS                     EDWARD I. PITTS, ESQ.
  Counsel for Plaintiff
608 State Tower Building
109 South Warren Street
Syracuse, NY 13202

HON. GLENN T. SUDDABY         WILLIAM H. PEASE, ESQ.
  United States Attorney for the      Assistant United States Attorney
    Northern District of New York
Counsel for Defendant
100 South Clinton Street
Syracuse, NY 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## <u>REPORT-RECOMMENDATION</u>

      This Social Security action has been referred to me for a Report-Recommendation by the

Honorable Norman A. Mordue, Chief United States District Judge, pursuant to Local Rule

72.3(c) and 28 U.S.C. § 636(b).  For the reasons that follow, I recommend that the Court *sua*

*sponte* dismiss Plaintiff's Complaint for failure to prosecute and/or failure to comply with three

Court Orders, under Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2(a)

of the Local Rules of Practice for this Court.

Rule 41 of the Federal Rules of Civil Procedure permits the Court to *sua sponte* dismiss a proceeding for failure to prosecute and/or failure to comply with an Order of the Court.  Fed. R. Civ. P. 41(b) (providing, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant"); *Saylor v. Bastedo*, 623 F.2d 230, 238-239 (2d Cir. 1980) (recognizing that, under the language of Rule 41[b], a district court retains the inherent power to dismiss a plaintiff's complaint, *sua sponte*, for failure to prosecute) (citations omitted).[1]  As a result, Rule 41(b) may be fairly characterized as providing for two independent grounds for dismissal: (1) a failure to prosecute the action, and (2) a failure to comply with the Federal Rules of Civil Procedure or any order of court.

## I.        FAILURE TO PROSECUTE

With regard to the first ground for dismissal (a failure to prosecute the action), it is within the trial judge's sound discretion to dismiss for want of prosecution.[2]  The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute under Rule 41(b):

---

[1]        *See also* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed.").

[2]        *See Merker v. Rice*, 649 F.2d 171, 173 (2d Cir. 1981).

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had
> received notice that further delays would result in dismissal, [3]
> whether the defendant is likely to be prejudiced by further delay, [4]
> whether the district judge has taken care to strike the balance between
> alleviating court calendar congestion and protecting a party's right to
> due process and a fair chance to be heard and [5] whether the judge has
> adequately assessed the efficacy of lesser sanctions.[3]

As a general rule, no single one of these five factors is dispositive.[4]  However, with regard to the

first factor, Rule 41.2 of the Local Rules of Practice for this Court provides that a "plaintiff's

failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."

N.D.N.Y. L.R. 41.2(a).

Here, with regard to the first factor (the duration of Plaintiff's failure to prosecution),

Plaintiff's brief in this action was due by July 18, 2005.  Since that time, Plaintiff has not filed

such a brief, nor has he requested an extension of time in which to do so.  As a result, the

duration of Plaintiff's failure to prosecute this action is nearly **twenty-three months**.

With regard to the second factor (whether Plaintiff received notice that further delays

would result in dismissal), Plaintiff has received such notice on at least **three occasions**.  First,

on February 24, 2005, Plaintiff received a copy of General Order 18, which provides, in pertinent

part, that "**THE FAILURE TO FILE A BRIEF AS REQUIRED BY THIS ORDER WILL

RESULT IN THE CONSIDERATION OF THIS APPEAL WITHOUT THE BENEFIT OF

PLAINTIFF'S ARGUMENTS AND MAY RESULT IN A DECISION HEAVILY

INFLUENCED BY THE COMMISSION'S VERSIONS OF THE FACTS AND**

---

[3]       *See Shannon v. GE Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (affirming Rule 41[b] dismissal of plaintiff's claims by U.S. District Court for Northern District of New York based on plaintiff's failure to prosecute the action) [citation and internal quotation marks omitted].

[4]       *See Nita v. Conn. Dep't of Env. Protection*, 16 F.3d 482 (2d Cir. 1994).

**SUBSEQUENT DISMISSAL OF YOUR APPEAL**.”  N.D.N.Y. General Order No. 18 at 4

(dated Sept. 12, 2003) [emphasis in original].[5]  Second, on October 27, 2005, my Courtroom

Deputy Terry Mitchell advised Plaintiff’s counsel’s secretary, by telephone, that this action may

be dismissed if Plaintiff continues to fail to prosecute the action.  Third, on January 12, 2007,

Chief Judge Norman A. Mordue’s Courtroom Deputy, Judi Roberts, spoke with the Plaintiff’s

counsel’s secretary, who clearly understood the need for dismissal of this case, since she asked

how Plaintiff could voluntarily dismiss the action.

      With regard to the third factor (whether Defendant is likely to be prejudiced by further

delay), I find that this factor weighs in favor of dismissal.  Nearly **three years** have passed since

the issuance of the administrative decision (on June 23, 2004) from which Plaintiff appeals in

this action.  (Dkt. No. 1 at 2.)  Thus, this case has been pending “well past the eighteen months

envisioned by Congress when the Civil Justice Reform Act of 1990 was instituted.”[6]  Since

---

[5]     Thus, Plaintiff was notified that, if he fails to file a brief in this action, the Court, in “consider[ing]” Plaintiff’s appeal, “may” issue an order and decision of dismissal that is “heavily influenced by the Commissioner’s versions of the facts,” or the Court *may choose* to issue an order and decision of dismissal that is *not* heavily influenced by the Commissioner’s versions of the facts.  Here, I find that the Court’s order and decision of dismissal need not be influenced at all by the Commissioner’s versions of the facts because (setting aside the fact that the Commissioner has filed no motion setting forth such facts) Plaintiff’s counsel’s failure to prosecute this action, and his disregard of the Court’s orders, are so egregious that the Court’s decision may be based entirely on Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2(a) of the Local Rules of Practice for this Court.

[6]     *See Edwards v. Selsky,* 04-CV-1054, Report-Recommendation at 10-11 (N.D.N.Y. filed Feb. 12, 2007) (Lowe, M.J) (dismissing *pro se* civil rights action for failure to prosecute under Rule 41[b] in part because nearly two and a half years that have passed since the litigation was commenced, “well past the eighteen months envisioned by Congress when the Civil Justice Reform Act of 1990 was instituted”), *adopted by* Order, 04-CV-1054 (N.D.N.Y. filed March 6, 2007) (Mordue, C.J.); *Adelman v. Hobbie*, 03-CV-0032, 2006 WL 2639359, at *8 (N.D.N.Y. Sept. 13, 2006) (Sharpe, J., adopting Report-Recommendation by Treece, M.J.) (dismissing *pro se* civil rights action for failure to prosecute under Rule 41[b] in part because

February 22, 2005 (when Plaintiff filed his Complaint in this action), it is quite possible that memories of the events in question have faded, relevant documents have been discarded, and witnesses have become unavailable.  *See Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade.  Given the age of this case [six years], that problem probably is severe already.  The additional delay that plaintiff has caused here can only make matters worse.").

        With regard to the fourth factor (a balancing of the court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard), I find that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this matter.  This is one of the older Social Security cases to which I have been assigned as magistrate judge.  It is cases like this one, requiring courtroom deputies and law clerks to spend valuable time monitoring the action and notifying Plaintiffs' counsel of their failure to diligently prosecute the action, that delay the resolution of other cases.  I am fully aware of Plaintiff's right to be heard on the claims he has presented.  However, I am also aware that (1) Plaintiff has already had nearly twenty-eight months in which to be heard on the claims he has presented, and (2) the Court has (up until now) afforded Plaintiff considerable solicitude in this action due to his alleged disability.  Simply stated, I am unable to afford Plaintiff further solicitude without impermissibly burdening the Court and unfairly tipping the scales of justice against Defendant.

        With regard to the last factor (whether the Court has adequately considered a sanction less

---

"[o]ver three years has passed since this litigation was commenced, well past the eighteen months envisioned by Congress when the Civil Justice Reform Act of 1990 was instituted").

drastic than dismissal), I have considered all less-drastic sanctions and rejected them.  For

example, I am persuaded that issuing an Order chastising Plaintiff's counsel for his dilatory

conduct would be futile, given the fact that Plaintiff's counsel has undeterred by such critical

comments thus far.  (*See*, *e.g.*, Docket Text Notice dated 1/16/07 [noting that counsel's office

was notified of failure to file brief and directed to immediately file a status letter regarding the

case].)  Furthermore, I note that Plaintiff's failure to prosecute this action appears to be

intentional, given the fact that, on January 12, 2007, Plaintiff's counsel's secretary asked

Courtroom Deputy Judi Roberts how Plaintiff could voluntarily dismiss this action.

As a result, I recommend that the Court *sua sponte* dismiss Plaintiff's Complaint for

failing to prosecute this action, under Rule 41(b) of the Federal Rules of Civil Procedure and

Local Rule 41.2(a) of the Local Rules of Practice for this Court.

## II.    FAILURE TO COMPLY WITH ORDER OF COURT

With regard to the second ground for dismissal (a failure to comply with an Order of the

Court), the legal standard governing such a dismissal is very similar to the legal standard

governing a dismissal for failure to prosecute.  "Dismissal pursuant to Fed. R. Civ.P. 41(b) for

failure to comply with an order of the court is a matter committed to the discretion of the district

court."[7]  The correctness of a Rule 41(b) dismissal for failure to comply with an order of the

court is determined in light of the five factors discussed above in Part I of this Report-

Recommendation:

---

[7]     *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) [citations omitted].

6

(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.[8]

Here, on February 24, 2005, Plaintiff received a copy of General Order 18, in which then-Chief Judge Frederick J. Scullin, Jr., ordered all plaintiffs' counsel in Social Security cases in this District, to, within forty-five days from the filing of defendants' answer, "serve and file a brief setting forth all errors which plaintiff contends entitle plaintiff to relief." N.D.N.Y. General Order No. 18 at 4 (dated Sept. 12, 2003). This requirement that plaintiffs in Social Security cases timely file briefs is important since their complaints are often, as Plaintiff's Complaint is in this action, so brief as to contain no indication whatsoever of the errors of which the plaintiffs complain. (*See* Dkt. No. 1.) However, Plaintiff's counsel did not comply with this Order that he timely file a brief.

Moreover, on February 9, 2006, Judge Mordue ordered Plaintiff's counsel to "file a brief in support of plaintiff's position setting forth all contentions which plaintiff believes entitles him to relief, **on or before February 23, 2006** . . . ." (Dkt. No. 5 at 1 [emphasis in original].) However, again, Plaintiff's counsel did not comply with that Order.

Finally, on January 16, 2007, the Court issued a Text Notice, directing Plaintiff's counsel to "immediately file a status letter electronically regarding this case." (Docket Text Notice dated 1/16/07.) However, again, Plaintiff's counsel has not complied with that Order.

I need not repeat my analysis of the five above-referenced factors as they apply to

---

[8]     *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) [citations omitted].

Plaintiff's counsel's failure to comply with the Court's Orders.  This is because my analysis of those factors is very similar as my analysis of the factors as they apply to Plaintiff's counsel's failure to prosecute this action.  (*See*, *supra*, Part I of this Report-Recommendation.)  The only real difference between the two analyses, under the circumstances, has to do with the duration of the violations, which are shorter *but more numerous* with regard to Plaintiff's counsel's failure to comply with the Court's Orders.  My analysis of the other four factors (i.e., notice, prejudice, docket management, and less-severe sanctions) with regard to Plaintiff's counsel's failure to comply with the Court's Orders is virtually identical to my analysis of those factors with regard to Plaintiff's counsel's failure to prosecute this action.  In short, I find that the five factors (as they regard Plaintiff's failure to comply with the Court's Orders) weigh in favor of dismissal.

As a result, I recommend that the Court *sua sponte* dismiss Plaintiff's Complaint on the *alternative* ground that he has violated three Orders of the Court, under Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2(a) of the Local Rules of Practice for this Court.

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's Complaint be *sua sponte* **DISMISSED** for failure to prosecute and/or failure to comply with three Court Orders, under Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2(a) of the Local Rules of Practice for this Court.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: June 11, 2007
       Syracuse, New York

George H. Lowe
United States Magistrate Judge